The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, AR 72018-0137
Dear Representative Kidd:
This is in response to your request for an opinion on the following questions regarding the Sardis Fire Protection District, which was established under A.C.A. § 14-284-201 et seq. (Repl. 1998):
1. Are the present commission members serving legally?
 2. If the current commission members resign, can new members be elected at a public meeting called by the county court?
3. If so, what is the proper election procedure?
 4. If not, in the event of resignation of commission members, how should their successors be determined?
You state in this regard that the original members of the commission were appointed by the county judge and not elected at a public meeting called by the county court, as required by statute.
RESPONSE
Question 1 — Are the present commission members serving legally?
It is my opinion that in the event of a challenge, a court would order the removal of the commissioners if they were in fact appointed and not elected as required by A.C.A. § 14-284-208(b) (Repl. 1998), which states:
 The members of the board of commissioners of fire protection districts formed after July 3, 1989 or converted from suburban improvement districts, under this subchapter shall be elected at a public meeting called by the county court. The commissioners shall be elected by the qualified electors residing within the district.
According to the ordinance attached to your request (Saline County Ordinance No. 97-40), the Sardis Fire Protection District was established by quorum court ordinance in accordance with A.C.A. § 14-284-201 et seq.
The ordinance is dated September 9, 1997. It thus seems clear that §14-284-208(b), supra, called for the election, rather than the appointment of the commissioners.
Question 2 — If the current commission members resign, can new members beelected at a public meeting called by the county court?
It is my opinion that the answer to this question is "no," in accordance with A.C.A. § 14-284-208(c), which provides that:
 [v]acancies occurring on the board because of resignation, removal, or otherwise shall be filled by the county court for the unexpired term. [Emphasis added.]
I can certainly understand the desire for the electors to select new commissioners given the initial illegal appointments, but I have found no authority for the proposition that an election can be held at this time. It is possible that a court would order this relief in the event of a challenge to the appointments. But there is no established procedure otherwise for holding an election now. The terms of office began when the initial appointments were made and the commissioners entered upon their duties. If they resign, vacancies[1] will, I believe, arise to be filled in accordance with the statute.[2]
Question 3 — If so, what is the proper election procedure?
A response to this question is unnecessary in light of the above.
Question 4 — If not, in the event of resignation of commission members,how should their successors be determined?
As noted above, the statute requires the filling of vacancies by the county court. A.C.A. § 14-284-208(c).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The term "vacancy" is defined, generally, as "[a] existing office, etc., without an incumbent. The state of being destitute of an incumbent, or a proper or legally qualified officer." Black's LawDictionary 1388 (5th ed. 1979).
[2] I recognize that the county judge could, conceivably, appoint these same commissioners to fill the vacancies. However, there appears to be no prohibition against commissioners succeeding themselves. And presumably these individuals could be elected at the end of their terms. In this regard, you have not inquired as to the terms of office in the event the commissioners should have been elected rather than appointed. The Saline County ordinance, under which the commissioners were appointed, provides for three-year terms consistent with the original act which applied to fire protection districts formed prior to July 3, 1989. See A.C.A. §14-284-208 (a). While the statute is by no means clear in this regard, I believe it may reasonably be concluded that the legislature intended to also establish three-year terms for those members elected to serve districts formed after July 3, 1989. This follows from my reading of §14-284-208 as a whole and from the language in subsection (c) regarding the filling of vacancies "for the unexpired term." (Emphasis added). As noted, however, this is not entirely clear from the statute, thus suggesting the need for legislative clarification.
Regarding the election procedure itself, again, the statute is silent. It simply states that the commissioners shall be elected by the qualified electors in the district "at a public meeting called by the countycourt." Id. at subsection (b) (emphasis added). I conclude from this language that the county court will establish the procedure for calling the meeting and for holding the election. I have found no other applicable statutes governing the matter.